IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
--- Charleston Division ---

| | |
|---|---|
| The Tides Commodity Trading Group, Inc., | ) |
| Plaintiff | ) Civil Action No. 2:23-cv-2230-BHH |
| v. | ) **VERIFIED COMPLAINT** |
| | ) Action on Open Account |
| National Fruit Product Company, Inc., d/b/a White House Foods, | ) |
| Defendant, and | ) |
| John Does Nos. 1-100, | ) |
| Reach and Apply Defendants. | ) |

The Tides Commodity Trading Group, Inc., by way of complaint against National Fruit Product Company, Inc., d/b/a White House Foods, hereby alleges as follows:

**Parties**

1. Plaintiff The Tides Commodity Trading Group, Inc., ("Tides") is a duly organized South Carolina corporation having a principal place of business in Charleston County, South Carolina.

2. Defendant National Fruit Product Company, Inc., d/b/a White House Foods, ("National Fruit") is a duly organized Virginia corporation having a principal place of business at 701 Fairmont Avenue, Winchester, Virginia 22601.

**Jurisdiction and Venue**

3. This court has original subject matter and personal jurisdiction over the parties and claims herein pursuant to 28 U.S.C. § 1332, because there is complete diversity between the plaintiff and defendant and the amount in controversy exceeds $75,000. This court has

supplemental jurisdiction over any pendant state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper before this court pursuant to 28 U.S.C. § 1391(b), because the defendant resides, and a substantial part of the events or omissions giving rise to the claims occurred, within the District of South Carolina.

5. Division assignment to this Court is proper because a substantial part of the event and omissions giving rise to the claims herein occurred in Charleston County, South Carolina. (LR. 3.01(B) certification).

## Allegations Applicable to All Counts

6. Plaintiff Tides is a global wholesale importer, supplier and manufacturer of conventional and organic industrial food ingredients serving the bulk food and beverage industries.

7. Defendant National Fruit is a national retail seller of apple juice products sold in stores and restaurants.

8. At all relevant times, Tides supplied to National Fruit certain apple juice concentrate, among other goods, ("Goods") for National Fruit's manufacture and sale of its retail apple products.

9. On or about May 17, 2022, National Fruit entered into a contract for good and valuable consideration establishing an open account with Tides for National Fruit's purchase of Goods from Tides ("Purchase Order(s)").

10. The Purchase Order terms provide for, inter alia, that the perishable agricultural Goods sold are subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act of 1930 (7 U.S.C. 499e(c)).

11. The Purchase Order terms provide also that Tides charges a finance charge of 1.5% interest (18% per annum) for invoices that are over 30 days past due.

12. Each individual purchase of Goods under the parties' Purchase Order(s) constituted a separate and binding agreement by National Fruit to pay Tides for the Goods sold on the open account.

13. Pursuant to the Purchase Order, National Fruit ordered from Tides, and Tides sold and delivered to National Fruit, certain Goods between May 17, 2022 through February 3, 2023, as more fully set forth on Tides statements and invoices. A true and accurate statement of the amounts due Tides from National Fruit for Goods sold on the open account is attached hereto as <u>Exhibit A</u>.

14. Tides performed all its obligations and responsibilities under the Purchase Order in the delivery of Goods to National Fruit.

15. Tides has invoiced National Fruit for all amounts due from National Fruit for the Goods, which invoices National Fruit has unjustifiably failed or otherwise refused to pay the unpaid balance to Tides.

16. At all relevant times, National Fruit accepted Tides' Goods without rejection objection or condition.

17. Notwithstanding, National Fruit has neglected, failed or otherwise refuses to pay Tides for its Goods delivered to National Fruit, to National Fruit's substantial financial gain, at Tides' substantial financial loss.

18. Tides has made separate and several demands upon National Fruit for payment, to no avail. National Fruit has ignored or otherwise refused to make payment.

19. As of even date of the filing of this complaint, the principal balance due Tides on National Fruit's open account is $251,343.84, plus accrued interest thereon.

20. On information and belief, and discovery will show, National Fruit has sold products produced with Tides' Goods delivered to National Fruit the subject of this complaint and therefore Tides is entitled to reach and apply National Fruits' customers.

## **COUNT I**
Breach of Contract

21. Plaintiff repeats, realleges and incorporates by reference the preceding allegations set forth in this complaint as if the same were fully set forth herein.

22. All conditions precedent to payment of the amounts due and owing to Plaintiff by Defendant have been satisfied.

23. Defendant has unjustifiably failed or otherwise refused to pay the remaining amounts due and owing to Plaintiff under the Purchase Order.

24. Defendant's unjustifiable failure or refusal to pay the remaining amounts due and owing to Plaintiff under the Purchase Order constitutes a material breach of the Purchase Order.

25. As a direct and proximate result of Defendant's material breach of the Purchase Order, Plaintiff has suffered damages in an amount to be determined by this Court after a trial on the merits.

26. Defendant is liable to Plaintiff for the damages it suffered as a result of Defendant's material breach of the Purchase Order, including without limitation, interest and its reasonable attorneys fees and other expenses.

## **COUNT II**
Open Account

27. Plaintiff repeats, realleges and incorporates by reference the preceding allegations

set forth in this complaint as if the same were fully set forth herein.

28. Defendant has unjustifiably failed or otherwise refused to pay the amounts due and owing to Plaintiff for the Goods sold on credit on open account.

29. Defendant is liable to Plaintiff for its damages, including without limitation, interest and its reasonable attorneys fees and other expenses.

## COUNT III
Quantum Meruit

30. Plaintiff repeats, realleges and incorporates by reference the preceding allegations set forth in this complaint as if the same were fully set forth herein.

31. The provision of Goods to Defendant under the parties' Purchase Order conferred a benefit upon Defendant.

32. As a direct and proximate result of the unjustifiable failure or refusal of Defendant to pay Plaintiff for the Goods, Defendant has been unjustly enriched in an amount to be determined by this court after a trial of the merits.

33. Plaintiff is entitled to restitution from Defendant in an amount equal to the fair value of the Goods.

## COUNT IV
Reach and Apply
(as to the Reach and Apply Defendants)

34. Plaintiff repeats, realleges and incorporates by reference the preceding allegations set forth in this complaint as if the same were fully set forth herein.

35. Tides is a creditor of National Fruit.

36. On information and belief, and discovery will show, National Fruit is a creditor to defendants John Does Nos. 1-100, ("Reach and Apply Defendants"), who are each individually

indebted to National Fruit the result of the sale of goods of which contain Goods sold by Tides to National Fruit.

37. National Fruit's receivables are intangible assets of National Fruit that may or may not be reached by Tides by injunction, attachment or otherwise, or taken on execution.

38. Tides is entitled to the Reach and Apply Defendants' receivables to apply same in satisfaction of National Fruit's indebtedness to Tides.

## COUNT V
Preliminary Injunction
(as to the Reach and Apply Defendants)

39. Plaintiff repeats, realleges and incorporates by reference the preceding allegations set forth in this complaint as if the same were fully set forth herein.

40. There is a high probability that Tides will prevail in this civil action on its claims against National Fruit.

41. Tides will suffer irreparable harm absent the grant of a preliminary injunction enjoining the Reach and Apply Defendants from making payment to National Fruit's for payment of its receivables.

42. The balance of the relevant equities weighs in favor of granting Tides a preliminary injunction enjoining the Reach and Apply Defendants from making payment to National Fruit for payment of its receivables.

43. The effect of the Court granting Tides a preliminary injunction enjoining the Reach and Apply Defendants from making payment to National Fruit is consistent with the public interest.

44. Upon information and belief, there is no insurance available to satisfy Tides' claims against National Fruit.

45. Based upon the foregoing, Tides is entitled to a preliminary injunction enjoining the Reach and Apply Defendants from making payment to National Fruit for payment of its receivables.

## COUNT VI
Account Stated

46. Plaintiff repeats, realleges and incorporates by reference the preceding allegations set forth in this complaint as if the same were fully set forth herein.

47. The parties' past dealings and course of conduct constitute an implied agreement for the sale of goods on account.

48. Tides delivered its Product to National Fruit on account.

49. National Fruit did not give notice of rejection of the Product nor any objection to the sums due Tides under Tides open invoices.

50. Tides' invoices are true, accurate and the sums thereon are due and owing to Tides for the Products delivered to National Fruit. Exhibit A.

51. Despite the aforesaid account stated, the Defendant has failed and refused to pay the balance due under invoices.

52. The Plaintiff is entitled to judgment against the Defendant under this third cause of action for an account stated in the principal sum of Two Hundred Fifty-One Thousand Three Hundred Forty-Three and 48/100 Dollars ($251,343.48), plus accrued interest thereon in the amount of Sixteen Thousand Four Hundred Twelve and 52/100 ($16,412.52), or $267,756.00 *entirely,* plus reasonable attorney fees and expenses.

53. In the event that this Court determines that the parties did not have an express contract, the Plaintiff is entitled to judgment against the Defendant under the third cause of action for an implied contract in the principal sum of Two Hundred Sixty-Seven Thousand Seven

Hundred Fifty-Six and 00/100 Dollars, plus interest on the unpaid balance at the rate of 8.75% per annum to the date of judgment and post-judgment collection.

### Prayer for Relief

WHEREFORE, Plaintiff demands judgment in its favor as follows:

     i.    issuing a preliminary injunction enjoining the Reach and Apply Defendants from making payment to Defendant pending the disposition of this civil action;

     ii.    against Defendant, awarding Plaintiff damages for Defendant's breach of the Contract;

     iii.    against Defendant, awarding Plaintiff damages for Defendant's failure to pay the amounts due and owing to Plaintiff on open account or account stated;

     iv.    against Defendant, awarding Plaintiff restitution in the amount of the fair value of the Goods;

     v.    awarding to Plaintiff all costs incurred in connection with this civil action, including, without limitation, its reasonable attorneys' fees; and,

     vi.    granting to Plaintiff such other and further relief as the court deems proper and just.

Respectfully Submitted,

**J. Davis Law Firm, P.C.**

s/ James R. Davis
James R. Davis, Esq. (Fed. Bar #11577)
Kindrea N. Wilson, Esq. (Fed Bar # 13786)
BB&T Plaza Mail Drawer #16
234 Seven Farms Drive, Suite 211B
Daniel Island, South Carolina 29492
(843) 642-8333 (office)
jim@jdavispc.com
Dated: May 9, 2023

jim@jdavispc.com
Dated: May 9, 2023

### Verification of Greg Zaccaro

I, Greg Zaccaro, do hereby depose and say the following:

1. I am the chief operating officer of The Tides Commodity Trading Group, Inc., a duly organized corporation formed under the laws of the State of South Carolina with a principal place of business located in Charleston County, South Carolina; and, in that capacity I am fully familiar with the facts and circumstances set forth herein.

2. I have personally read the foregoing verified complaint ("Complaint") and do hereby attest that, to the best of my knowledge, information, and belief, the facts contained in, and alleged in the Complaint are true and correct.

The foregoing is hereby attested to by the undersigned on this ___9___ day of May in the year 2023.

The Tides Commodity Trading Group, Inc.
By: Gregory Zaccaro
Its: Chief Operating Officer
Duly Authorized
Dated: May 9, 2023

7